**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN: 347431)
jonathan@kazlg.com
2221 Camino del Rio S, Suite 101
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Thomas Doughty

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DOUGHTY, <br><br> Plaintiff, <br><br> v. <br><br> PELICAN INVESTMENT HOLDINGS, LLC d/b/a AUTO SERVICE DEPARTMENT, <br><br> Defendant. | Case No.: 8:24-cv-01926 <br><br> **Joint Report Pursuant to Federal Rules of Civil Procedure 16 and 26(f)** <br><br> Date: March 27, 2025 <br> Time: 9:00 AM <br> Courtroom: 10D |

**Joint Rule 26(f) Report**

Counsel for Plaintiff Thomas Doughty ("Plaintiff") and Defendant Pelican Investment Holdings, LLC d/b/a Auto Service Department ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

a. **Statement of the Case**

Plaintiff: Starting in July 2022, Defendant began sending telemarketing calls to Plaintiff despite his registration on the National Do Not Call Registry and without his prior express consent. Additionally, Plaintiff repeatedly asked Defendant to stop calling him during this time. Between July 2022 and August 2024, Defendant called Plaintiff over five hundred and sixty times. Defendant also called Plaintiff numerous times after the filing of the Complaint.

Plaintiff alleges willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), *et seq*.

Defendant: Defendant has not yet conducted a thorough review of the allegations in the Complaint. Defendant has denied the allegations in the Complaint.

b. **Subject Matter Jurisdiction**

Both Parties: The case arises out of Federal Question jurisdiction pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(c).

c. **Legal Issues**

Both Parties: (1) Whether Defendant called Plaintiff more than once without prior express written consent to send telemarketing phone calls to Plaintiff; and (2) whether Defendant's calls constituted willful violations of the TCPA.

d. **Damages**

Plaintiff: Based on a conservative estimate of 560 unlawful calls (and without discovery from Defendant), the minimum amount of statutory damages in this case is estimated to be anywhere between $280,000 and $840,000.

Defendant: Not applicable.

e. **Parties and Evidence**

Plaintiff:

Witnesses: Thomas Doughty, any expert witnesses retained.

Evidence: Documents and information related to (1) Defendant's TCPA compliance procedures; (2) internal do-not-call records; (3) consent; (4) the phone calls at issue; (5) complaints against Defendant for telemarketing calls; (6) how Defendant and/or Defendant's agent obtained Plaintiff's cellular telephone numbers; (7) why the calls were made; (8) Defendant's relationship with any agents and third-party vendors as it relates to making the phone calls at issue; (9) communications between Plaintiff and Defendant.

Defendant:

Witnesses: Any Plaintiff witnesses, plus Defendant's management personnel to discuss calls and any relevant opt-ins.

Evidence: Documents and information related to (1) call history as to the alleged phone calls; (2) the purpose of such calls; (3) any opt-in data and/or consents received by Defendant from Plaintiff.

**f. Insurance**

Plaintiff: Plaintiff does not have any relevant insurance coverage.

Defendant: Defendant does not have any relevant insurance coverage.

**g. Manual for Complex Litigation**

The parties do not believe the manual for complex litigation should be utilized here.

**h. Motions**

Plaintiff: Plaintiff does not intend on filing any such motions at this time.

Defendant: Defendant does not intend on filing any such motions at this time.

**i. Dispositive Motions**

Plaintiff: At this time, Plaintiff awaits discovery to determine whether the issues or claims may be adjudicated on summary judgment.

Defendant: Defendant cannot ascertain at this time whether Defendant will file any dispositive motions.

**j. Status of Discovery**

Plaintiff: Plaintiff served Defendant his first set of Requests for Admission, Requests for Production, and Interrogatories on February 7, 2025.

Defendant: Defendant has not started discovery.

**k. Discovery Plan**

See attached worksheet (Exhibit A: Schedule of Pretrial and Trial Dates)

Plaintiff: Plaintiff refers back to subsection (e) under "Evidence" as to what discovery may be needed in this case. Discovery should not be conducted in phases and should relate to issues of consent to make the telephone calls and Defendant's knowledge and compliance with the TCPA.

**l. Discovery Cut-off**

Both Parties: 08/14/2025

**m. Expert Discovery**

Initial: 08/28/2025

Rebuttal: 09/11/2025

Expert Cut-off date: 09/25/2025

**n. Settlement Conference and Alternative Dispute Resolution ("ADR")**

The Parties have not had significant settlement discussions.

Plaintiff: Plaintiff requests that private mediation take place after discovery has been completed.

Defendant: Defendant is willing to participate in mediation.

**o. Trial Estimate**

Plaintiff: 2-3 days via Jury Trial. Plaintiff anticipates calling at least one witness.

**p. Trial Counsel**

Plaintiff: Ryan L. McBride, Esq.

Defendant: Dwight Beckstrand, Esq.

**q. Magistrate Judge**

Plaintiff: Plaintiff does not consent to proceed in front of a magistrate judge.

Defendant: Defendant is willing to proceed in front of a magistrate judge.

**r. Independent Expert or Master**

1. The parties do not find a master pursuant to Fed. R. Civ. P. 53 necessary for this case.

2. **s.  Schedule Worksheet**

3. See attached worksheet (Exhibit A: Schedule of pretrial and trial dates).

4. **t.  Class Actions**

5. The suit has not been filed as a class action.

6. **u.  Other Issues**

7. None.

/s/ Ryan L. McBride
Ryan L. McBride, Esq.
California Bar No. 297557
Attorney for Plaintiff

/s/ Jonathan Gil
Jonathan Gil, Esq.
California Bar No. 347431
Attorney for Plaintiff

/s/ Dwight Beckstrand
Dwight Beckstrand, Esq.
California Bar No. 256006
Attorney for Defendant