UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01926-FWS-ADS            Date: August 26, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER STRIKING DEFENDANT'S ANSWER [18], ENTERING DEFAULT AGAINST DEFENDANT, DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [26], AND SETTING DEADLINE TO FILE MOTION FOR DEFAULT JUDGMENT**

     In this case, Plaintiff Thomas Doughty alleges that Defendant Pelican Investment Holdings, LLC, doing business as Auto Service Department, called him over five hundred times, each call in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). (*See generally* Dkt. 1 (Complaint).) The clerk entered default against Defendant in November 2024, (Dkt. 13), but in December 2024, the court approved the parties' stipulation to set aside default, (Dkts. 16-17), and Defendant filed an answer, (Dkt. 18). On March 13, 2025, the parties filed a joint report under Federal Rule of Civil Procedure 26(f). (Dkt. 23 ("26(f) Report").) In the 26(f) Report, Defendant stated that "Defendant has not yet conducted a thorough review of the allegations in the Complaint" and "has not started discovery." (*Id.* at 2, 3.) Regarding dispositive motions, Plaintiff stated that he "awaits discovery to determine whether the issues or claims may be adjudicated on summary judgment," and Defendant stated that it "cannot ascertain at this time whether Defendant will file any dispositive motions." (*Id.* at 3.) The March 13, 2025 26(f) Report is the last time Defendant participated in this case. (*See generally* Dkt.)

     On July 3, 2025, Plaintiff filed a Motion for Summary Judgment. (Dkt. 26 ("Motion").) In the Motion, Plaintiff argues that "Defendant has not provided any responses to discovery" and thus "each matter contained within Plaintiff's Request for Admissions, Set One are deemed admitted." (*Id.* at 3.) Plaintiff therefore argues liability is established and seeks "$982,500 in a

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: August 26, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

judgment, which consists of 655 willful violations" of the TCPA.  (*Id.* at 8.)  Defendant's opposition to the Motion was due by July 17, 2025.  (*See* Dkt. 10 (Civil Standing Order) at 9 (requiring oppositions to motions for summary judgment to be filed 28 days before the noticed hearing date); Dkt. 26 (noticing the motion for a hearing on August 14, 2025).)

On August 4, 2025, when no opposition had been filed, the court ordered Defendant to show cause "in writing on or before **August 21, 2025,** why the court should not strike Defendant's answer and direct entry of default."  (Dkt. 29 ("OSC") at 2.)  The court noted that "[a]s an alternative to a written response to this Order to Show Cause, Defendant may submit an opposition to the Motion."  (*Id.*)  And the court admonished that "[f]ailure to respond to this Order to Show Cause or file an opposition to the Motion by the deadline set by the court will result in the court striking Defendant's Answer and directing the Clerk to enter default against Defendant."  (*Id.*)

Now, days after the deadline, Defendant has filed nothing.  (*See generally* Dkt.)  Indeed, the last time Defendant participated in this case was in contributing to the 26(f) Report filed more than five months ago, (26(f) Report), and the last time Defendant filed anything in this case was the Notice of Interested Parties more than eight months ago.  (Dkt. 22.)  Accordingly, consistent with the OSC, the court **STRIKES** Defendant's Answer (Dkt. 18) and **ENTERS DEFAULT** against Defendant.  The Motion is therefore **DENIED AS MOOT.**

If Plaintiff wishes to move for default judgment against Defendant, Plaintiff shall file a motion for default judgment on or before **September 25, 2025**.  Failure to file a motion for default judgment or seek other appropriate relief on or before the deadline set by the court will result in dismissal of this action without further notice for failure to prosecute and/or comply with a court order.  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: August 26, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

*sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

___