_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: November 14, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [36]**

Plaintiff Thomas Doughty ("Plaintiff") alleges that Defendant Pelican Investment Holdings, LLC doing business as Auto Service Department ("Defendant") called Plaintiff over five hundred times, each call in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). (*See generally* Dkt. 1 ("Compl.").) Defendant briefly appeared in this case but eventually stopped defending itself. (*See* Dkt. 29.) The court thus struck Defendant's answer, (*see* Dkt. 30), and the clerk entered default, (Dkt. 31).

Now before the Court is Plaintiff's Motion for Default Judgment. (Dkt. 36 ("Motion" or "Mot.").) The Motion is supported by the Declarations of Ryan L. McBride, (Dkt. 36-2 ("McBride Decl.")), Jonathan Gil, (Dkt. 36-5 ("Gil Decl.")), and Plaintiff, (Dkt. 36-6 ("Doughty Decl.")). The court held a hearing on this matter on November 6, 2025. (Dkt. 37.) Based on the state of the record, as applied to the relevant law, the Motion is **DENIED**.

I.  **Background**

Plaintiff owns four residential telephone numbers, all registered on the National Do Not Call registry between 2007 and 2022. (Compl. ¶¶ 22-26.) "Between July 2022 and August of 2024, Defendant called Plaintiff over five hundred and sixty (560) times." (*Id.* ¶ 28.)

"During these calls, Defendant or its agents introduced itself as a representative of the Auto Service Department. The Representative would ask for the year, make, model, and approximate mileage of Plaintiff's vehicles. Defendant then proceeded to solicit vehicle

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: November 14, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

warranties to Plaintiff." (*Id.* ¶ 30.) "On many of these unwanted calls, Plaintiff asked for a call-back number to determine who had called him." (*Id.* ¶ 31.) "To confirm who had been soliciting him and prevent future unwanted calls, Plaintiff, on four occasions, purchased vehicle warranties, received information on the caller (Defendant), and then cancelled the warranties. Each time Plaintiff cancelled the warranties—among countless other requests—he asked Defendant to stop calling him." (*Id.* ¶ 33.) "At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. In fact, Plaintiff repeatedly asked Defendant to stop calling him." (*Id.* ¶ 38.)

## II.    Legal Standards and Discussion

In determining whether granting default judgment is appropriate, the court examines (A) its jurisdiction, (B) whether Plaintiff meets the procedural requirements for default judgment, (C) whether Plaintiff meets the substantive requirements for default judgment, and (D) whether it is appropriate to grant the particular relief Plaintiff seeks.

### A.    Subject Matter Jurisdiction and Personal Jurisdiction

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). Here, Plaintiff's TCPA claim provides the court with federal question jurisdiction. *Barton v. Real Innovation Inc.*, 2025 WL 1993193, at *2 (W.D. Wash. July 17, 2025) ("The Court has federal question jurisdiction over Plaintiff's TCPA claims."). Further, Plaintiff alleges that Defendant's principal place of business is in Costa Mesa, California, which provides the court with personal jurisdiction over Defendant. (Compl. ¶ 7.)

Courts must also determine whether there was sufficient service of process on the parties against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Plaintiff filed a proof of service in this action, and Defendant filed an

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01926-FWS-ADS  Date: November 14, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

___

answer before it stopped participating in this case; the court struck Defendant's answer and entered default. (*See* Dkt. 29 (explaining the procedural history).) Accordingly, the court finds that Plaintiff makes a sufficient showing that Defendant was adequately served.

### B. Procedural Requirements

The court turns to the procedural requirements of default judgment. A party seeking default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules. *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Under Federal Rule of Civil Procedure 55(b), a party may only seek default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). The party also must comply with Local Rule 55-1 by submitting a declaration alongside the motion for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

C.D. Cal. L.R. 55-1.

The clerk entered default as to the Complaint against Defendant on August 26, 2025. (Dkt. 31.) Plaintiff's counsel declares that Defendant is not a minor, incompetent person, or person in military service or otherwise exempted from default judgment under the Servicemembers Civil Relief Act of 1940. (Gil Decl. ¶ 16.) Accordingly, the court finds that Plaintiff has satisfied the procedural requirements for default judgment.

### C. Substantive Requirements (*Eitel* Factors)

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01926-FWS-ADS                                  Date: November 14, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

When a party seeking default judgment meets the procedural requirements, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### 1.   Possibility of Prejudice to Plaintiff

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Defendant stopped defending this action, accordingly, the court finds Plaintiff will be prejudiced if default judgment is not entered because Plaintiff will "likely be without other recourse for recovery." *PepsiCo*, 238 F. Supp. 2d at 1177; *see Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse."). Therefore, the court concludes the first *Eitel* factor weighs in favor of granting default judgment.

### 2.   & 3.   The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

Even when default is entered, courts must still determine whether the facts alleged give rise a cognizable cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The second and third *Eitel* factors address the substantive merits of a plaintiff's claims and the sufficiency of the Complaint, and "require that a plaintiff state a claim on which [the plaintiff]

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: November 14, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). "[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022) (citation and quotation marks omitted).

Relevant to this case, "The TCPA and its implementing regulations prohibit initiating more than one telephone solicitation within any 12-month period to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Telephone solicitation is defined as the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." *Abboud v. Circle K Stores Inc.*, 2025 WL 307039, at *4 (D. Ariz. Jan. 27, 2025) (cleaned up).

The TCPA's definition of prohibited calls excludes those calls wherein the parties have an established business relationship. *See* 47 U.S.C. § 227(a)(4). A "phone call does not qualify as a telephone solicitation under the TCPA if the caller has an established business relationship with the recipient." *Crews v. Sun Sols. AZ LLC*, 2024 WL 2923709, at *6 (D. Ariz. June 10, 2024). The federal regulations define an existing business relationship as:

> [A] prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: November 14, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

> products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(c)(2)(ii).

In this case, Plaintiff alleges that he "on four occasions, purchased vehicle warranties, received information on the caller (Defendant), and then cancelled the warranties." (Compl. ¶ 33.) The court finds that this allegation creates a serious question as to the presence of an established business relationship. For instance, Plaintiff provides no information about when he purchased these warranties, nor when he "asked Defendant to stop calling him" after cancelling the warranties. (*Id.*) Accordingly, the record does not provide sufficient information for the court to determine if some or all the phone calls were made while Plaintiff and Defendant had an established business relationship. Moreover, Plaintiff does not adequately allege in what manner he revoked consent after those purchases and whether such revocation "clearly expresse[d] a desire not to be contacted." *Hiller v. Money Source Inc.*, 2025 WL 1331702, at *7 (D. Ariz. May 7, 2025).

Additionally, Plaintiff declares that he "engaged with certain callers to prod information." (Doughty Decl. ¶ 7.) This voluntary two-way communication could have established an EBR between Plaintiff and Defendant. *Crews v. Sun Sols. AZ LLC*, 2024 WL 2923709, at *6 (D. Ariz. June 10, 2024) ("By feigning interest in the offered products and services and inquiring about the company that offered them, Plaintiff formed an 'established business relationship' with Sun Solutions during his second call with Miguel. Thus, any calls placed or text messages sent during the existence of this 'established business relationship' were not 'solicitations' within the meaning of the TCPA."). While an established business relationship may be revoked, (*see id.*), Plaintiff engaged with Defendant across numerous, unspecified calls.

In sum, the court finds the record provides insufficient allegations for the court to determine which calls were made during an established business relationship, and accordingly, which calls qualify under the TCPA. Therefore, the court concludes the second and third *Eitel* factors each weigh against granting default judgment.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01926-FWS-ADS                                    Date: November 14, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

### 4. Sum of Money at Stake

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor compares the "recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "However, when 'the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate'" even for significant sums. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

Plaintiff alleges 560 unlawful telephone calls in the Complaint—a figure that he raises to 655 in the time since he filed his Complaint. (Compl. ¶ 1; Doughty Decl. ¶ 5.) The court limits its analysis to the 560 phone calls alleged in the Complaint because damages awarded in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff's theory sounds in subsection 227(c) of the TCPA which creates a private right of action for plaintiffs who are called in disregard of the do-not-call registry. 47 U.S.C. § 227(c). Section 227(c) provides a plaintiff a cause of action to "recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227 (d)(5). And if "the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." (*Id.*)

Even applying the statutory minimum, Plaintiff's requested damages equal $280,000; $500 each for 560 violations. The court finds the requested damages constitute a substantial sum of money, and "[i]n general, the fact that a large sum of money is at stake is a factor disfavoring default judgment." *Church Bros., LLC v. Garden of Eden Produce*, LLC, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012); *see also Stark v. Poo nka*, 2019 WL 1546951, at *2 (S.D. Cal. Apr. 5, 2019) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions."). The court acknowledges that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01926-FWS-ADS                      Date: November 14, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

---

Congress has prescribed the measure of damages for an unwanted call under the TCPA. *Barton*, 2025 WL 1993193, at *6 (W.D. Wash. July 17, 2025) ("This is a unique situation where each of the statutes upon which Plaintiff relies prescribes a mandatory minimum damages amount."). However, the court finds, based on the quantum and quality of information in the record, that "the sum of money is too large or unreasonable in light of defendant's actions." *Stark*, 2019 WL 1546951 at *2. Accordingly, the court finds the fourth *Eitel* factor weighs against granting default judgment.

### 5. Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (quoting *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). When a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is low. *See Landstar Ranger, Inc. v. Parth Entm't, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). However, "where the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *Waters*, 600 F. Supp. 3d at 1183 (citation and quotation marks omitted).

In this case, for the reasons set forth above in Section II.C.2&3, the court finds the record presents a significant dispute as to what alleged calls qualify under the TCPA and, conversely, what calls were made during an established business relationship. Based on this "possibility of dispute as to [] material facts in the case," *PepsiCo*, 238 F. Supp. 2d at 1177, the court finds the fifth *Eitel* factor weighs against granting default judgment.

### 6. Whether Default Was Due to Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Defendant appeared in this litigation but abruptly stopped defending itself. The court issued an order that extended the deadline for

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01926-FWS-ADS     Date: November 14, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

Defendant to oppose a motion for summary judgment and stated that if Defendant failed to comply with the deadline, the court would enter default against Defendant. (Dkt. 29.) The court finds the record before the court does not reflect any indication that Defendant's lack of continued participation in this case is due to excusable neglect. Therefore, the sixth *Eitel* factor weighs in favor of granting default judgment.

### 7. Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted). While "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472 (citation omitted), "this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. 1996)); *see also Su v. Infinisys Inc.*, 2023 WL 6517445, at *2 (D. Ariz. Oct. 5, 2023) (stating "[t]he seventh factor generally weighs against default judgment, given that cases should be decided on their merits whenever reasonably possible," and "[h]owever, the existence of Rule 55(b), which authorizes default judgments, indicates that this preference, standing alone, is not dispositive"); *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 970 (N.D. Cal. 2019) (stating "deciding the case on the merits is impossible where a party refuses to participate" and "[the seventh *Eitel*] factor thus weighs against, but does not preclude, entry of default judgment"). In light of the record in this case, the court finds that the seventh *Eitel* factor is neutral and does not preclude granting default judgment.

### 8. Conclusion

The court concludes that *Eitel* factors two, three, four, and five weigh against granting default judgment, factor seven is neutral, and factors one and six weigh in favor of granting default judgment. On balance, especially given that the second and third *Eitel* factors are "the most important," *Vietnam Reform Party*, 416 F. Supp. 3d at 962, the court concludes the *Eitel* factors weigh against granting default judgment, *see Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01926-FWS-ADS | Date: November 14, 2025 |
| Title: Thomas Doughty v. Pelican Investment Holdings, LLC | |

weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors."). For all of these reasons, the Motion is **DENIED**.

### D. Proof of Damages

Although, the court has denied the Motion based on the application of the *Eitel* factors as described above, the court also analyzes Plaintiff's proof of damages in the Motion. In a motion for default judgment, the movant must prove all damages with evidence. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Proving damages does not require absolute certainty, and may be approximate, so long as "the evidence shows the extent of damages a matter of just and reasonable inference ...." *Frito-Lay, Inc. v. Lo 137, Int'l Bhd. of Teamsters*, 623 F.2d 1354, 1364 (9th Cir. 1980) (quoting *Gulf Coast Bldg. & Supply Co. v. Elec. Workers*, 428 F.2d 121, 125-26 (5th Cir. 1970)). A reasonable inference requires supporting evidence and cannot rely solely on speculation or guesswork. *See Sutton v. Earles*, 26 F.3d 903, 918 (9th Cir. 1984). A court is not obligated to accept factual assertions in a declaration as true when assessing the reasonableness of an inference of damages upon default. *Lutz v. United States*, 685 F.2d 1178, 1186 (9th Cir. 1982).

As proof of damages, Plaintiff attaches a self-generated table, with three columns labeled (1) Date, (2) Time and (3) Called From. (Dkt. 36-3.) The table consists of hundreds of rows reflecting phone calls from hundreds of numbers with dates ranging from February 2022 to October 2024. (*Id.*) Plaintiff explains that in "July 2022, [he] began to receive telemarketing phone solicitations from Defendant. [He] received so many calls that [he] began to keep track of them in the phone log." (Doughty Decl. ¶ 4.) Even if the court found that granting default judgment was proper under the *Eitel* factors, the court would find that Plaintiff's self-generated table delivers insufficient evidence to support damages provided by the statute, especially at the amount Plaintiff requests. *See Helmut Newton Found. v. Solomon*, 2024 WL 5317265, at *3 (C.D. Cal. Oct. 28, 2024) ("A court is not obligated to accept factual assertions in a declaration as true when assessing the reasonableness of an inference of damages upon default.").

### III. Disposition

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01926-FWS-ADS                                                  Date: November 14, 2025
Title: Thomas Doughty v. Pelican Investment Holdings, LLC

For the reasons stated above, the court **DENIES** the Motion. In an abundance of caution, the court **DENIES THE MOTION WITHOUT PREJUDICE** to refiling if Plaintiff can cure the deficiencies identified in this order. Any renewed motion for default judgment shall be filed by **December 5, 2025.** Failure to file a renewed motion for default judgment or seek other appropriate relief on or before the deadline set by the court will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").