**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN: 347431)
jonathan@kazlg.com
2221 Camino del Rio S, Suite 101
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*
Thomas Doughty

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DOUGHTY,<br><br>                    Plaintiff,<br><br>        v.<br><br>PELICAN INVESTMENT HOLDINGS, LLC d/b/a AUTO SERVICE DEPARTMENT<br><br>                    Defendant. | Case No.: 8:24-cv-01926-FWS-ADS<br><br>**Declaration of Jonathan Gil in Support of Plaintiff's Motion for Default Judgment Against Defendant Pelican Investment Holdings, LLC d/b/a Auto Service Department**<br><br>Date: January 15, 2026<br>Time: 10:00 a.m.<br>Courtroom: 10D, 10th Floor<br><br>Hon. Fred W. Slaughter |

I, Jonathan Gil, hereby declare under penalty of perjury that the following is true and correct:

1. I have personal knowledge of the following facts and, if called as a witness, would testify as follows:

2. I am one of Plaintiff's co-counsel in this action and make this declaration in support of Plaintiff Motion for Default Judgment.

3. On September 5, 2024, Plaintiff filed the instant action. *See* ECF No. 1.

4. On September 10, 2024, Plaintiff served Defendant a copy of the summons and complaint in this action. *See* ECF No. 8.

5. On October 28, 2024, Plaintiff's counsel sent a letter to Defendant. The letter is included as Exhibit A. It provides Defendant with the case name, number, and a request for their response. Notably, the letter indicates Plaintiff's intention to proceed with Default Judgment should Defendant choose to remain silent. Plaintiff's counsel mailed this letter to Defendant's registered agent, principal address, mailing address, and former principal address as provided by the California Secretary of State.

6. On December 4, 2024, Defendant's counsel contacted our firm and requested we stipulate to set aside the clerk's entry of default. Our firm agreed to the stipulation.

7. On February 7, 2025, our firm sent Defendant's counsel a Notice of Deposition, Requests for Admission, Interrogatories, and Requests for Production.

8. On March 11, 2025, Defendant's counsel requested an extension until March 21, 2025, to respond to Plaintiff's Discovery Requests. Our firm granted the extension.

9. On March 21, 2025, Defendant's counsel requested a second extension until March 28, 2025, to respond to Plaintiff's Discovery Requests. Our firm granted the extension.

10. On April 8, 2025, our firm requested an update on the discovery responses.

Defendant's counsel asked for an additional 48 hours to follow-up.

11. On April 14, 2025, not having heard from Defendant's counsel, our firm sent Defendant's counsel a letter explaining that "our office has not received any responses or objections to [Plaintiff's] Request for Admissions, Special Interrogatories, or Request for Production of Documents, Set One from your client, Pelican Investment Holdings, LLC d/b/a Auto Service Department[.]" The letter indicated that because Defendant missed the Fed. R. Civ. P. 36(a)(3) deadline, "each matter contained within Plaintiff's Request for Admissions, Set One are deemed admitted."

12. On May 27, 2025, I sent an email to Defendant's counsel explaining that Plaintiff intends to file a Motion for Summary Judgment and requested to meet and confer pursuant to L.R. 7-3. I followed up again on June 2, 2025.

13. On June 5, 2025, I spoke with counsel for Defendant. Defendant's counsel conceded that the requests had not been responded to, and that the requests for admission were deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

14. On July 3, 2025, Plaintiff filed his Motion for Summary Judgment. Plaintiff had finalized the Statement of Uncontroverted Facts for filing concurrently with the Motion. Unfortunately, the Statement did not get filed. Once our firm discovered this error, we immediately filed the Statement.

15. Our firm has repeatedly attempted to establish lines of communication to either settle or communicate about the case. These attempts have been unsuccessful.

16. Pursuant to L.R. 55-1, (a) default was entered against Defendant Pelican Investment Holdings, LLC d/b/a Auto Service Department on November 12, 2024 (ECF No. 13) and again on August 26, 2025 (ECF No. 31); (b) default had been entered originally in response to Plaintiff's Motion for Clerk's Entry of Default (ECF No. 12) and subsequently in response to this Court's order on Motion for Summary Judgment (ECF No. 30)—the pleadings associated with default are Plaintiff's originally filed Complaint (ECF No. 1); (c) the defaulting

party is not a minor or incompetent person; (d) the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) notice shall be served on the defaulting party concurrently with the filing of this Motion and, because the defaulting party has appeared in this case, in accordance with Fed. R. Civ. P. 55(b)(2) ("its representative must be served with written notice of the application at least 7 days before the hearing.").

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was signed on December 8, 2025, in San Diego, California.

Dated: December 8, 2025                    Respectfully submitted,

                                              **KAZEROUNI LAW GROUP, APC**

                                              By: /s/Jonathan Gil
                                                  Jonathan Gil, Esq.
                                                  *Attorneys for Plaintiff*