UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DOUGHTY,<br><br>Plaintiff,<br><br>v.<br><br>PELICAN INVESTMENT HOLDINGS, LLC d/b/a AUTO SERVICE DEPARTMENT<br><br>Defendant. | Case No.: 8:24-cv-01926-FWS-ADS<br><br>**[Proposed] Order Granting Plaintiff's Motion for Default Judgment**<br><br>Hon. Fred W. Slaughter |

Pending before the Court is Plaintiff Thomas Doughty's ("Plaintiff") Motion for Default Judgment.

On December 9, 2025, Plaintiff filed a Motion for Default Judgment seeking $716,000.00 in statutory damages pursuant to Plaintiff's claims against Defendant Pelican Investment Holdings, LLC d/b/a Auto Service Department for violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA").

## Local Rule 55-1

Plaintiff's Motion complies with Local Rule 55-1. Plaintiff accompanied the Motion with a sworn declaration stating that "(a) default was entered against

Defendant Pelican Investment Holdings, LLC d/b/a Auto Service Department on November 12, 2024 (ECF No. 13) and again on August 26, 2025 (ECF No. 31); (b) default had been entered originally in response to Plaintiff's Motion for Clerk's Entry of Default (ECF No. 12) and subsequently in response to this Court's order on Motion for Summary Judgment (ECF No. 30)—the pleadings associated with default are Plaintiff's originally filed Complaint (ECF No. 1); (c) the defaulting party is not an infant or incompetent person; (d) the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) notice shall be served on the defaulting party concurrently with the filing of this Motion and, because the defaulting party has appeared in this case, in accordance with Fed. R. Civ. P. 55(b)(2)."

### *Eitel* Factors

The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Furthermore, when considering whether to grant default judgment, courts generally assume the factual allegations of the complaint to be true. *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Here, an analysis of the *Eitel* factors demonstrates that the *Eitel* factors weigh in favor of entering default judgment on Plaintiff's claims against Defendant in this action because Plaintiff would be prejudiced and left without remedy in the absence of a default judgment; Plaintiff's complaint sufficiently states claims for violations of the TCPA against Defendant and especially in light of Defendant's default and refusal to substantively engage in litigation Plaintiff is likely to succeed on the merits of his complaint against Defendant; the amount of money at stake is based on damages provided by statute and not unreasonable in light of Defendant's conduct in disregard

Case 8:24-cv-01926-FWS-ADS   Document 40-10   Filed 12/09/25   Page 3 of 3   Page ID #:374

for applicable law; defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment; Defendant has been properly served, appeared, and is otherwise aware of this action so there is no possibility of excusable neglect; and termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action and forfeited its opportunity to defend itself on the merits.

## Damages

Based on Plaintiff's Complaint, the declarations and exhibits provided, and the memorandum of points and authorities submitted in support of the instant motion, $716,000 in statutory damages requested to be awarded to Plaintiff against Defendant is reasonable.

## Conclusion

Having considered Plaintiff's motion, the papers and declarations submitted therewith, as well as the operative complaint and the record in this action, and good cause appearing therein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is GRANTED and Plaintiff is awarded the following damages to be paid by Defendant Pelican Investment Holdings, LLC d/b/a Auto Service Department:

- Statutory damages in the sum of $716,000.00.

**IT IS SO ORDERED.**

DATED: _____      _____
HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

- 3 -
[PROPOSED] ORDER